IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES E. BUCKINGHAM, ) | |
|     Petitioner, ) | |
| ) | C.A. No. 06-124 Erie |
| vs. ) | District Judge McLaughlin |
| ) | Magistrate Judge Baxter |
| MARILYN BROOKS, et al., ) | |
|     Respondents. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I.     RECOMMENDATION

It is respectfully recommended that the instant petition for writ of habeas corpus be transferred to the Eastern District of Pennsylvania.

### II.    REPORT

This is a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, filed by a state prisoner presently incarcerated at the State Correctional Institution at Albion in the Western District of Pennsylvania.

In his petition, Petitioner James E. Buckingham claims that he was convicted of ISDI, aggravated indecent assault, and endangering the welfare of a child, and indecent assault in Montgomery County, Pennsylvania, on or about May 30, 2003.  He is currently serving a sentence of 8½ to 17 years' imprisonment.  As grounds for habeas relief, Petitioner challenges the legality of his conviction, claiming that his privilege against self-incrimination was violated, and that his trial and appellate counsel were ineffective for failing to challenge the violation. Title 28 U.S.C. §2241(d) provides that where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a state court of a state which contains two or more federal judicial districts,

1

Dockets.Justia.com

>    the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the state court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

28 U.S.C. §2241(d). See also, Bell v. Watkins, 692 F.2d 999 (5th Cir. 1982) (the district court transferred the action on the basis of the magistrate's recommendation which indicated that the district where the defendant was convicted was the more convenient forum because of the accessibility of evidence).

In the case at bar, Petitioner was tried and convicted of the challenged offenses in Montgomery County, Pennsylvania. Petitioner's records are located there. He is presently incarcerated at the State Correctional Institution at Albion, within the Western District of Pennsylvania. Montgomery County is located in the Eastern District of Pennsylvania. This Court finds that the interests of justice would be better served by transferring this petition to the Eastern District of Pennsylvania wherein all activity in this case occurred.

## III.    CONCLUSION

It is respectfully recommended that the petition for writ of habeas corpus be transferred to the United States District Court for the Eastern District of Pennsylvania pursuant to 28 U.S.C. §2241(d).

In accordance with the Magistrate Act, 28 U.S.C. § 636 (b)(1) (B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, the parties are allowed ten days from the date of service to file written objections to this Report and Recommendation. Any party opposing the objections shall have seven days from the date of service of objections to respond thereto.

Failure to file timely objections may constitute a waiver of any appellate rights.

                                            S/Susan Paradise Baxter
                                            SUSAN PARADISE BAXTER
                                            Chief U.S. Magistrate Judge

Dated: May 26, 2006

cc:    The Honorable Sean J. McLaughlin
       United States District Judge